| | | |
|---|---|---|
| D'SHAYVON BAKER, *et. al.* | ) | |
| PLAINTIFFS | ) | |
| v. | ) | CIVIL ACTION NO. 5:24-CV-1-BJB |
| | ) | |
| | ) | |
| | ) | |
| OFFICER SEAN BEAN, *et al.* | ) | **Electronically Filed** |
| DEFENDANTS. | ) | |
| _____ | ) | |

### AMENDED COMPLAINT

Now comes Plaintiffs, D'Shayvon Baker and Kyreisha Williams, who are African-America citizens,, by and through counsel, and brings this action, via this Amended Complaint, against the Defendants named, for damages sustained by Plaintiffs due to the conduct and actions by the named Defendants and states:

### I. JURISDICTION

1. This Amended Complaint seeks, inter alia, damages pursuant to 42 U.S.C.A. § 1983 and 42 U.S.C.A. §1988 for violation of Plaintiff's civil rights.

2. Jurisdiction is founded on 28 U.S.C.A. § 1331 and 28 U.S.C.A. § 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C.A. § 1367.

### II. VENUE

3. The acts or omissions giving rise to the Plaintiffs' claims arose in Christian County, Kentucky. Thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in the Western District of Kentucky, Paducah Division.

### III. PARTIES

4. During all times mentioned in this Amended Complaint, the Plaintiffs were, and still are United States citizens. Said Plaintiffs resided in Christian County, Kentucky.

## INTRODUCTORY STATEMENT

5. This is a civil action seeking money damages against Officer Sean Bean, a Police Officer for the City of Hopkinsville's Police Department, Richard Boling, the former Commonwealth's Attorney for Christian County of Kentucky, and the Chef of the Hopkinsville Police Department, Jason Newby and the City of Hopkinsville for violation of plaintiffs', D'Shayvon Baker's and Kyreisha Williams', constitutional rights by the said named defendants in which Officer Sean Bean and the former Commonwealth's Attorney for Christian County of Kentucky, acted together in concert, by initiating and executing an unlawful detainment, seizure, arrest, imprisoning, and prosecution of Baker without probable cause or reasonable articulable suspicion of a crime or violation of any laws, and the defendants, Officer Sean Bean, the former Commonwealth's Attorney for Christian County of Kentucky, the Chef of the Hopkinsville Police Department, Jason Newby and the City of Hopkinsville, acting together in concert, unlawfully seizing and not returning the property of Williams, thus, illegally seizing personalty and papers belonging to said plaintiff, all in violation of the said plaintiffs' constitutional rights pursuant to 42 U.S.C. Sections 1983 and 1988 for violation of the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution and certain state causes of actions pursuant to the common-laws of the Commonwealth of Kentucky.

6. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331.

## PARTIES

7. Plaintiff, D'Shayvon Baker [hereinafter referred to as "Baker"], is and was at all times pertinent to this Complaint, a citizen and resident of Christian County, Kentucky, and the United States of America.

8. Plaintiff, Kyreisha Williams [hereinafter referred to as "Williams"], is, and was at all times pertinent to this Complaint, a citizen and resident of Christian County, Kentucky, and the United States of America.

9. Baker and Williams are hereinafter referred to collectively as "Plaintiffs".

10. At all times referred to herein, the named defendant Officer Sean Bean [hereinafter referred to as "Officer Bean"], a Police Officer for the Hopkinsville Police Department Defendant, was a police officer employed by the Hopkinsville Police Department and the City of Hopkinsville. This said defendant is being sued in his individual and official capacity.

11. At all times referred to herein, the named defendant Chief Jason Newby [hereinafter referred to as "Chief Newby"], the Chief of Police for the Hopkinsville Police Department Defendant, was the Chief of Police of and employed by the Hopkinsville Police Department and the City of Hopkinsville. This said defendant is being sued in his individual and official capacity.

12. At all times referred to herein, the named defendant the City of Hopkinsville Kentucky maintained a police Department named Hopkinsville Police Department [hereinafter referred to as "HPD"]. The named Defendant the City of Hopkinsville Kentucky is now and hereinafter referred to as "HDP" and/or "City"].

13. At all times referred to herein, the defendant, Richard Boling [hereinafter referred to as "Boling"], was the Commonwealth's Attorney for Christian County of Kentucky. This said defendant is being sued in his individual and official capacity, and as a result thereof the said defendant is hereinafter also referred to as "Boling's Office and or Defendant Boling" as the Commonwealth Attorney of Christian County.

14. Plaintiffs sue defendants, Officer Bean, Chief Newby, and Boling, in their individual and official capacities.

15. Officer Bean, Boling, Chief Newby, and the HPD are hereinafter referred to collectively as "Defendants".

16. At all times referred to herein, the Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Kentucky, the City of Hopkinsville, and the county of Christian.

## CAUSE OF ACTION

For their cause of action against Defendants, Plaintiffs states:

17. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

18. On and prior to October 19, 2021, Baker was on Kentucky Pretrial Diversion Program, *e.g.*, Felony Diversion Probation, pursuant to a criminal case arising out Christian County, Kentucky, Christian Circuit Court pursuant to Kentucky Revised Statues [hereinafter referred to as "KRS"] 533.250.

19. On October 19, 2021, Officer Bean testified in an application for a Warrant of Arrest Complaint Warrant against Baker in Christian County, and a Warrant of Arrest was issued upon Barker for KRS 511.040, Burglary, 3rd Degree.

20. On October 20, 2021, while Baker, as a passenger in the backseat of the vehicle, and three other adult caucasian women were traveling in a vehicle on a highway in the city of Leitchfield, Grayson County, Kentucky, the vehicle was stopped by a Grayson County Sheriff for a traffic violation.

21. During the said traffic stop a search of the vehicle was conducted and a handgun, identified as a black Glock 40 with the serial number: TDE420 [hereinafter referred to as "Black Glock 40"] was found in the vehicle.

22. The driver nor any of the passengers, including Baker, admitted to ownership nor control of or over the said Black Glock 40.

23. During that time, Baker was alleged to have been found to have been in possession or constructive possession of a handgun, identified as a black Glock 40 with the serial number: TDE420 [hereinafter referred to as "Black Glock 40"].

24. At the said traffic stop, Baker was arrested for the said October 19, 2021, Warrant for his Arrest and charged with KRS 527.040 Possession of Handgun by Convicted felon in Grayson County.

25. Williams was then and still is the legal owner of the Black Glock 40, and has never reported the

said Black Glock 40 stolen nor was the said gun stored at the location of the said alleged location of the October 19, 2021, issued Warrant of Arrest Complaint Warrant against Baker from Christian County for KRS 511.040, Burglary, 3rd Degree.

26. After learning of the arrest of Baker in Grayson County, Kentucky, that occurred on October 20, 2021, Officer Bean along with Boling began forming their plan to manufacture evidence in which to charge Baker with KRS 527.040 Possession of Handgun by Convicted felon and KRS 414.030 Theft By Unlawful Taking or Disposition- Firearm [hereinafter referred to as "TBUT of Firearm"] in Christian County, Kentucky, for being in possession of the same said Black Glock 40 and stealing the same said Black Glock 40 in Christian County, Kentucky,— all while knowing that there was a significant lack of probable cause for charging Barker with either of those said crimes.

27. On Thursday, October 21, 2021, Officer Bean, Boling, and other unknown HPD detectives contacted the Grayson County Sheriff Department and informed that said department that they believed that the said Black Glock 40 that Baker was charged for being in possession of on October 20, 2021, in Grayson County was evidence of a crime in Christian County, Kentucky and that they needed to take possession of the said gun.

28. Officer Bean, Boling, and other unknown HPD detectives took possession of the said gun from the Grayson County Sheriff Department.

29. From Wednesday, October 20, 2021 through December 10, 2021, Baker was arraigned in Grayson District for only the charge of KRS 527.040 Possession of Handgun by Convicted felon and evidence was presented at a Preliminary Hearing before a Grayson District Court and a finding of probable cause for KRS 527.040 Possession of Handgun by Convicted felon was found on October 27, 2021, and the Grayson County Circuit Grand Jury found a True Bill Indictment on December 10, 2021 on the said charge.

30. From February 15, 2022, through April 18, 2023, Baker was arraigned in Grayson Circuit Court for

only the charge of KRS 527.040 Possession of Handgun by Convicted felon and discovery was conducted, and on April 18, 2023, Baker entered into a guilty plea agreement for an amended charge lessor charge of KRS 527.040 Possession of Handgun by Convicted felon.

31. During this said time frame, Williams was informed by Grayson County Sheriff Department that she was authorized to come to come and retrieve her Black Glock 40, but when she first arrived at the said location and request the return of her said gun, she was denied and later informed that the said department was not in possession of the said gun and that members from the HPD came and took possession of the said gun.

32. Williams then went to HPD, where she was informed that the said department was in possession of her Black Glock 40 and although she requested the retuned of her Black Glock 40 her request was denied.

33. On April 29, 2022, at least six (6) months from Thursday, October 21, 2021, when Officer Bean, Boling, and other unknown HPD detectives took possession of the said Black Glock 40 from the Grayson County Sheriff Department, located in Grayson County, Kentucky, Officer Bean and Boling carried out a systematic informal inquiry between themselves —based not only on clearly unreliable events of evidence but false evidence, of facts and concluded as a showing evidence to proffer in support of their false assertion that: (1) Baker had taken the Black Glock 40 without permission or legal rights, and doing so without intending to return the said gun to Williams in Christian County prior to October 20, 2021, and (2) prior to October 20, 2021, while in Christian County, Baker was having or showed signs of having ownership, or control over the Black Glock 40.

34. Disappointed with the procuration of Baker's Grayson County Circuit Court criminal case, on April 29, 2022, Officer Bean and Boling executed their plain to levy the charges of KRS 527.040 Possession of Handgun by Convicted felon and KRS 414.030 TBUT of Firearm in Christian County, Kentucky, for the Black Glock 40 against Baker, all while knowing that their was a significant lack of

probable cause for levying the said charges against Barker, ─when Boling presented the criminal case before the Christian County Court Grand Jury Division, for a Direct Indictment, against Baker for the charges KRS 527.040 Possession of Handgun by Convicted felon and KRS 414.030 TBUT of Firearm in Christian County, Kentucky, concerning of and about the Black Glock 40.

35. In support of the presented case, Officer Bean appeared, at the request of Boling, before the Christian County Circuit Court Grand Jury Division and testified, falsely that: (1) Baker had taken the Black Glock 40 without permission or legal rights, and doing so without intending to return the said gun to Williams in Christian County prior to October 20, 2021, and (2) prior to October 20, 2021, while in Christian County, Baker was having or showed signs of having ownership, or control over the Black Glock 40.

36. The said grand jury found a True Bill for counts (1) KRS 527.040 Possession of Handgun by Convicted felon and (2) KRS 414.030 TBUT of Firearm in Christian County, Kentucky, for the Black Glock 40, based on presented evidence that both Officer Bean and Boling, formed together through their systematic informal inquiries between themselves ─based not only on clearly unreliable events of evidence but false evidence, of facts manufactured, by them, in concert prior to them presenting the fact to the said grand jury for a direct indictment.

37. The said True Bill finding generated the criminal case styled *Commonwealth vs. Baker, D'Shayvion*, Case Number: 22-CR-00270.

38. On May 5, 2022, Baker was again arrested, pursuant to the Indictment Warrant in *Commonwealth vs. Baker, D'Shayvion*, Case Number: 22-CR-00270 for the charges (1) KRS 527.040 Possession of Handgun by Convicted felon and (2) KRS 414.030 TBUT of Firearm in Christian County, Kentucky, for the Black Glock 40.

39. Shortly thereafter Baker's said May 5, 2022 arrest, an employee for the Commonwealth Attorney Office of Christian County of Kentucky, Jeannie Boiling, the wife of the Commonwealth's Attorney-

Rick Boiling, emailed one of the law enforcement offices in Baker's *Commonwealth vs. Baker, D'Shayvion*, criminal case, case number: 22-CR-00270, stating that they needed "something" to put Baker in proximity of the gun.

40. From at least 2020 to 2023, the City and Boling had a custom of arresting and prosecuting individuals without establishing the necessary probable cause requirements prescribed by the 4th amendment of the United States Constitution.

41. The Defendant City and Boling had a policy that governs and prohibits arresting and prosecuting individuals without establishing the necessary probable cause requirements prescribed by the 4th amendment of the United States Constitution and that said policy requires, *along with other actions*, required law enforcement officers to not engage in the arresting or prosecuting individuals with out have the necessary probable cause thereof.

42. The Defendant City and Boling have knowingly allowed its officers to ignore its own policies, by not enforcing its own policies that require its officers (including assistant prosecutors) not to engage in the arresting or prosecuting individuals with out having the necessary probable cause thereof.

43. The Defendant City and Boling have knowingly allowed its officers to ignore its own policies.

44. On December 8, 2022, WPKY, a Kentucky media outlet, reported that the Kentucky Supreme Court trial commissioner has recommended to the Kentucky Bar Association that Christian County Commonwealth's Attorney Boling be suspended from practicing law for five (5) years following several months of testimony[1].

45. In February of 2023, after the Courier Journal, a media outlet in Kentucky, reported in January 2020 that Boling cited false information in seeking a pardon from former Gov. Matt Bevin for Dayton Jones. Boling, whom the said media out let stated received campaign contributions from Jones'

---

[1] https://www.wpkyonline.com/2022/12/08/law-license-suspension-recommended-for-commonwealths-attorney-rick-boling/news-edge/

grandparents, later apologized to voters and the victim, who was 15 years old and unconscious when he was sodomized and nearly died of his injuries[2], and soon thereafter Boling again being accused of misleading a grand jury into charging two women with murder and robbery in a case that had gone unsolved for sixteen (16) years[3], Boling resigned from the head position of Christian County Commonwealth's Attorney in February of 2023. *Id*.

46. On June 15, 2023, WHOP, a Kentucky media outlet, reported that the Kentucky Supreme Court Suspends Boling's Legal License for Five Years[4], by which the the Kentucky Supreme Court had agreed with a trial commissioner's recommendation to suspend the legal license of the former Christian County Commonwealth's Boling due to misconduct regarding the letter he sent to former Governor Matt Bevin on behalf of convicted sex offender Dayton Jones and for his prosecutorial misconduct that led to a guilty verdict being overturned for attempted murder suspect Karen Brafman. *Id*.

47. The said media company further reported in that report that the Supreme Court ruling on Thursday, June 15, 2023, upholding the suspension agreed, stating "Boling misused his current position of trust, attacked the prosecutorial discretion of the predecessor Commonwealth's Attorney and cast doubt on the integrity of the former prosecutor, the Christian Circuit Court and Jones's defense counsel" *Id*.

48. Sometime prior to January 4, 2024, the Christian County Commonweath's Attorney Office was appointed a new head Attorney, thus replacing the Defendant Boling.

49. On January 4, 2023, by motion of the new appointed Christian County Commonweath's Attorney Office, the Baker criminal case in *Commonwealth vs. Baker, D'Shayvion*, Case Number: 22-

---

[2] https://www.courier-journal.com/story/news/2023/01/09/rick-boling-resignation-kentucky-commonwealth-attorney/69792238007/

[3] https://www.courier-journal.com/story/news/crime/2023/08/21/ex-kentucky-prosecutor-rick-boling-accused-of-misleading-grand-jury/70601865007/

[4] https://whopam.com/2023/06/15/supreme-court-suspends-bolings-legal-license-for-five-years/

CR-00270 was dismissed.

50. During this timeframe, including after Baker case in *Commonwealth vs. Baker, D'Shayvion*, Case Number: 22-CR-00270 was dismissed, William had requested from the HPD the return of her Black Glock 40 at least four (4) different times, and was met still with the same denial each time.

51. On or about November 3, 2023, the new head Attorney of the the Christian County Commonweath's Attorney Office released a Press Release for the public stating in part about the acts of the defendant City's police department, the Defendant Newbym and Boling's Office, in which it stated, in relevant part, that, "Officers are thwarting Justice by avoiding subpoenas to appear at the very Grand Jury proceeding that they initiated after incarcering people and accusing them of crimes. When dealing with people's lives, and their freedom, we owe it to our community to do our jobs. The actions that took place on Friday, is another example of why I requested the Department of Justice investigate the entire criminal justice system in Christian County". [*FOR IMMEDIATE RELEASE*, Press Release from the Commonwealth's Attorney Office-Christian County, (November 4, 2023), a copy of which is hereto annexed as Exhibit 1].

52. As a direct and proximate consequence of the false and reckless conduct of the Boling and Officer Bean, Baker was wrongly prosecuted, exposed to physical injuries, exposed mental anguish, and subject to legal expenses.

53. From the date of his arrest, Baker has been subjected to a bond with conditions.

54. The above recited actions of the said defendants Officer Bean, Boling, and the City in depriving Plaintiffs of their Constitutionally protected rights were done with an evil motive, oppression and malice as contemplated by Kentucky and Federal law, and/or with reckless indifference to Plaintiffs' rights, and disregard for the truth.

55. As a direct and proximate result of the actions described above, Baker suffered and continue to suffer severe mental anguish and emotional trauma in connection with the deprivation of his constitutional

rights guaranteed him by the Fourth Amendment of the Constitution of the United States and protected by 42 U.S.C. Section 1983.

56. The said defendants Officer Bean and Boling acted unreasonably and in reckless disregard for the truth in wrongfully seeking and carrying out an unreasonable arrest and direct indictment and in their failure to take steps to secure a legal search arrest warrant.

57. As a result of the said defendants Officer Bean's and Boling's acts as described above, the said defendants deprived Baker of his right to be free from unlawful searches and seizures, in violation of the Fourth Amendment to the Constitution of the United States.

**COUNT I**
**42 U.S.C. § 1983 Monell-Related Cause of Action**
(By Baker Against Defendants Boling and City)

58. Plaintiffs realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in the above Paragraphs.

59. It is the custom, practice and policy of the City and/or its supervisors/agents and/or other employees of the Defendant City's police department, Chief Newby, and Boling —in his official and individual capacity— as Commonweath Attorney and/or its supervisors/agents and/or other employees of the office of the Defendant Boling to perform the following acts and/or omissions in connection with seeking and carrying out an unreasonable arrest and direct indictment of individuals without having the necessary probable cause thereof — by:

      i. Preforming searches for clues and corroboration that might give them probable cause to recommend that a suspect be arrested, after they had the individuals criminally charged, indicted, or arrested —prior to have any such required probable cause for the criminal charge, indictment, or arrest of the individuals;

      ii. Fabricating evidence to support the findings of their alleged stated probable cause;

iii. Supervisory individuals from the Defendant City, Chief Newby, and the Defendant Boling's Office fail to properly discipline their respective officers that have committed acts of Fabricating evidence to support the findings of their alleged stated probable cause and preforming searches for clues and corroboration that might give them probable cause to recommend that a suspect be arrested, after they had the individuals criminally charged, indicted, or arrested —prior to have any such required probable cause for the criminal charge, indictment, or arrest of the individuals;

iv. Supervisory individuals from the Defendant City, Chief Newby, and the Defendant Boling's Office fail to properly investigate complaints of misconduct perpetrated by each of the said defendants' officers;

v. Supervisory individuals from the Defendant City, Chef Newby, and the Defendant Boling's Office "Rubber Stamped" investigations of matters involving officers that have committed acts of fabricating evidence to support the findings of their alleged stated probable cause and preforming searches for clues and corroboration that might give them probable cause to recommend that a suspect be arrested, after they had the individuals criminally charged, indicted, or arrested —prior to have any such required probable cause for the criminal charge, indictment, or arrest of the individuals; and

vi. Supervisory individuals from the Defendant City, Chief Newby, and the Defendant Boling's Office "Rubber Stamped" and/or ignored investigations of matters resulting from its officers involvement officers that have committed acts of fabricating evidence to support the findings of their alleged stated probable cause and preforming searches for clues and corroboration that might give them probable cause to recommend that a suspect be arrested, after they had the individuals

criminally charged, indicted, or arrested —prior to have any such required probable cause for the criminal charge, indictment, or arrest of the individuals.

vii. A code of silence exists, between the officers of the Defendant City, Chief Newby, and the Defendant Boling's Office so as to obstruct the legal process (preventing the free flow of honest information with regard to matters resulting from its officers involvement that have committed acts of fabricating evidence to support the findings of their alleged stated probable cause and preforming searches for clues and corroboration that might give them probable cause to recommend that a suspect be arrested, after they had the individuals criminally charged, indicted, or arrested —prior to have any such required probable cause for the criminal charge, indictment, or arrest of the individuals.

viii. The Defendants, the City and the Boling's Office, "Rubber Stamped" the practices and/or customs, as alleged above, by acquiescing to the said customs and practices of the officers and refusing and/or ignoring to conduct proper investigations into the alleged misconduct of its officers accused of fabricating evidence to support the findings of their alleged stated probable cause and preforming searches for clues and corroboration that might give them probable cause to recommend that a suspect be arrested, after they had the individuals criminally charged, indicted, or arrested —prior to have any such required probable cause for the criminal charge, indictment, or arrest of the individuals.

60. The Defendants, the City, Chief Newby, Boling, and Boling's Office, have acted with deliberate indifference and reckless disregard by failing to properly ensure that the wrongful conduct of his staff is properly investigated and disciplined for committing the aforesaid constitutional violations against and towards others.

61. The Defendants, the City, Chief Newby, and Boling's Office, are duly incorporated municipal corporation and is the employer and principal of the Defendants Boling as well as the other officers referred to in this Amended Complaint, as indicated in the Monell claim alleged here.

62. At all times material to this Amended Complaint,The Defendants, the City, Chief Newby, and Boling's Office and each of their officers and officials were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the Defendant City, Chief Newby, and the Defendant Boling's Office.

63. The custom, practice and policy of excessive and unnecessary force against Baker, as alleged above herein, was the moving force of the violation of his federally protected rights as stated herein this Amended Complaint.

64. As a direct and proximate result of said acts, indifference, custom, and policy established by the , Chief Newby, and Boling's Office, and the actions of the said defendants officers or officials, Baker has suffered and will continue to suffer humiliation, shame, despair, anxiety, embarrassment, depression, physical and mental pain, anguish, and injury to his reputation, all to Baker's damages in an amount to be proven at time of trial.

## COUNT II
### Failure to Train and Supervise
### pursuant to 42 U.S.C. § 1983 to the United States Constitution
(By Baker Against City, Chief Newby and Boling)

65. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

66. The defendants, the City, Chief Newby and Boling, while acting under the color of state law and through its offices and its employees, agents, and/or representatives, intentionally and knowingly ignored its own policies and turned a blind eye to acts of their officers preforming searches for clues and corroboration that might give them probable cause to recommend that a suspect be arrested, after they had the

individuals criminally charged, indicted, or arrested —prior to have any such required probable cause for the criminal charge, indictment, or arrest of the individuals and fabricating evidence to support the findings of their alleged stated probable cause, and as such violated Baker's constitutional rights.

67. Out of deliberate indifference and/or an unofficial custom and policy, the said defendants failed to adequately train and/or supervise the officers as to the unlawful arrests and prosecution and what constitutes probable cause for an arrest and prosecution of an individual.

68. As a result, Mr. Baker was arrested and prosecuted without probable cause, nor for any reasons or acts that would legitimize such an act committed by the Defendant Officer Bean and Boling.

69. The said defendants, the City, Chief Newby and Boling, knew and/or should have known, trained, and instructed its employees, agents, and/or representatives to be aware of the aforesaid mention acts of constitutional violations and guard against such violations..

70. As a direct and proximate result of the said acts, indifference, custom, and policy established by the defendants, the City, Chief Newby, and Boling, and the unlawful acts of the Defendant Officer Bean, Baker has suffered and will continue to suffer humiliation, shame, despair, anxiety, embarrassment, depression, mental pain, anguish, and injury to his reputation, and physical pain and suffering, all to Baker's said damages in an amount to be proven at time of trial.

71. Defendant Officer Bean and Boling, while acting under the color of law, and acting in their official capacity and within the scope of their employment as a law enforcement officer and prosecutor committed the acts as alleged above, which deprived Baker of his rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution, and/or other applicable provisions of the United States Constitution, federal laws, and/or state law rights or privileges found in Kentucky's constitution and tort laws.

72. Those deprivations included, but may not be limited to deliberate indifference to Baker's right to privacy, his right to personal integrity, his right to be free from unwanted and unreasonable physical

contact, his right to be free from mental and physical pain and suffering, his right to be free from unwanted intrusion upon her person, her right to be free from physical assault and battery, his right to be free from excessive force, his right to be free from unwanted humiliation, his right to be free from cruel and unusual punishment, and his right to substantive and procedural due process.

**COUNT III**
**42 U.S.C. § 1983 False Arrest/Imprisonment Claim**
**pursuant to 42 U.S.C. § 1983 and the Fourth**
**to the United States Constitution**
(By Baker Against Both Defendants Officer Bean and Boling)

73. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

74. On May 2, 2022, the said defendants Officer Bean and Boling knowingly and maliciously acted in an unlawful way by causing the act of force or threats of force against the plaintiff, Baker.

75. The said defendants acted with intent to cause said plaintiff to be confined to an area certain.

76. The said defendants caused the arrest of the said plaintiff without a warrant or probable cause.

77. The said defendants knew the truth, and thus did not have probable cause to believe that said plaintiff committed those acts or any acts, when those charges were brought against him.

78. The conduct engaged in by the said defendants and described above were outrageous, unreasonable and shocks the conscience.

79. The said defendants purpose was to retaliate against said plaintiff, discredit him, and to intimidate, harass and embarrass him for all of the reasons set forth above and herein this Complaint as stated.

80. As a direct and proximate result of the malicious and outrageous conduct of the said defendants as previously described, said plaintiff suffered and continues to suffer emotional distress, mental anguish, pain and consternation associated with being unlawfully incarcerated.

81. As further result of the conduct of the said defendants, the said plaintiff did not only suffered physical and emotional injuries, but he also suffered injuries resulting in general and special damages, including

but not limited to the amounts said plaintiff was forced to post as bail, attorney fees, and other fees and

costs incurred in arranging for and obtaining his release from custody, loss of income, medical expenses,

and other financial losses, in an amount to be proven at the time of trial.

82. The said plaintiff also seeks recovery of reasonable attorney fees pursuant to 28 U.S.C. § 2768.

## COUNT IV
### 42 U.S.C. § 1983 Malicious Prosecution Claim
### Pursuant to 42 U.S.C. § 1983
### to the United States Constitution
(By Baker Against Both Defendants Officer Bean and Boling)

73. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this

Complaint as if fully set forth here.

74. On April 29, 2022, Defendants caused a direct indictment by falsely accusing plaintiff, Baker and of

having committed crimes KRS 527.040 Possession of Handgun by Convicted felon and KRS 414.030

TBUT of Firearm in Christian County, Kentucky .

75. Following the initial criminal charge, the said plaintiffs suffered a deprivation of liberty, in which the

said plaintiff was arranged and had to defend himself against the said criminal charges.

76. The defendants, Officer Bean's and Boling's, conduct were unreasonable and unlawful, in which their

conduct resulted in said plaintiff's criminal prosecution, without probable cause to believe that said

plaintiff were guilty of the crimes charged.

77. As a result of the malicious prosecution by the said defendants, the said plaintiff has suffered damages

in an amount in excess of the minimum dollar amount necessary to establish the jurisdiction of this

court.

## COUNT V
### Trespass to Property/Wrongful Taking/Conversion
### Pursuant to 42 U.S.C. § 1983 to the United States Constitution
(By Williams Against defendants Officer Bean, Boling, Chief Newby Bean, and HPD)

78. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this

Complaint as if fully set forth here.

79.  On or about October 21, 2021, Plaintiff Williams was the the legal owner of the Black Glock 40.

80.  On or about October 21, 2021, Officer Beans, Boling, and the unknown HPD officer, took possession of the Black Glock 40 pursuant to false information and in support of unlawfully charging Baker.

81.  On the same said date or about, the said defendants, acted alone, or in complicity with others, and unlawfully took from the said Plaintiff's, Williams', possession, and carried away, the above described personal property of Williams.

82.  Williams has demanded from the said defendant and the defendants Chief Newby and the HPD the return of her property, but was denied.

83.  By reason of the unlawful taking and detention of the said property, Plaintiff Williams has sustained the following damages:

> (a) $500.00 in cash, which is the fair market value of the property; and

> (b) $1,500.00 dollars, expended by Williams in effort to regain possession of the said property.

84.  As a direct and proximate result of said acts, indifference, custom, and policy established by Defendants HPD and Chief Newby, and the unlawful acts of Officer Beans, Boling, and the unknown HPD officer, Williams has suffered the loss of use of her personal property and will continue to suffer humiliation, shame, despair, anxiety while traveling, embarrassment, depression, mental pain, anguish, and injury to his reputation, all to Williams's damages in an amount to be proven at time of trial.

## COUNT VI
### Kentucky False Arrest/Imprisonment Claim
(By Baker Against Both defendants Officer Bean and Boling)

74.  By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

75.  The defendants, Officer Bean and Boling, had plaintiff Baker arrested pursuant to a direct grand jury

indictment resulting from the deceiving actions of the said defendants before that said grand jury panel

76. The said defendants knew that their actions failed to establish probable cause and that they should not have applied for a warrant and or an application for a direct indictment from a grand jury panel to charge plaintiff with the said charges.

77. The said defendants actions were not reasonable nor in good faith against the said plaintiff.

78. Because of the said defendants' negligence in causing the false arrest and false imprisonment of said plaintiff, the said defendants were in conscious disregard of said plaintiff's rights, so as to amount to a willful and intentional wrongdoing, said plaintiff is entitled to punitive damages.

**COUNT VII**
**Kentucky Malicious Prosecution Claim**
(By Baker Against Both defendants Officer Bean and Boling)

79. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

80. The defendants, Officer Bean and Boling, initiated, influenced, and/or participated in the decision to prosecute the criminal charges against the plaintiff, Baker.

81. As a result of the said defendants' actions, said plaintiff was arrested on May 5, 2022, and criminal actions were instituted against him in the Christian Circuit Court case in *Commonwealth vs. Baker, D'Shayvion*, Case Number: 22-CR-00270.

82. As a result of the malicious prosecution by said defendants, said plaintiff has suffered damages in an amount in excess of the minimum dollar amount necessary to establish the jurisdiction of this court.

**COUNT VIII**
**Kentucky Assault and Battery Claim**
(By Baker Against Both defendants Officer Bean and Boling)

83. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

84. The defendants', Officer Bean's and Boling's, conduct towards Plaintiff Baker, as described in the

above paragraphs, were intentional and/or reckless and exceeds the generally accepted standards of decency and morality, and as such, constitutes conduct which is utterly intolerable in our civilized society.

85. The said defendants intentionally cased the arrest of the plaintiff Baker on May 5, 2022, and the intentional handcuffing of the said plaintiff.

86. The said defendants intentionally caused the unwanted unreasonable touching of the Plaintiff Baker, and the intentional handcuffing of the said plaintiff.

87. The said defendants caused the intentional unwanted touching of said plaintiff.

**COUNT IX**
**Kentucky Trespass to Property/Wrongful Taking/Conversion Under Kentucky State Law Claim**
(By Williams Against defendants Officer Bean, Boling, Chief Newby Bean, and HPD)

88. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

89. On or about October 21, 2021, Plaintiff Williams was the legal owner of the Black Glock 40.

90. On or about October 21, 2021, Officer Beans, Boling, and the unknown HPD officer, took possession of the Black Glock 40 pursuant to false information and in support of unlawfully charging Baker.

91. On the same said date or about, the said defendants, acted alone, or in complicity with others, and unlawfully took from the said Plaintiff's, Williams', possession, and carried away, the above described personal property of Williams.

92. Williams has demanded from the said defendant and the defendants Chief Newby and the HPD the return of her property, but was denied.

93. By reason of the unlawful taking and detention of the said property, Plaintiff Williams has sustained the following damages:

(a) $500.00 in cash, which is the fair market value of the property; and

(b) $1,500.00 dollars, expended by Williams in effort to regain possession of the said

property.

94. As a direct and proximate result of said acts, indifference, custom, and policy established by Defendants HPD and Chief Newby, and the unlawful acts of Officer Beans, Boling, and the unknown HPD officer, Williams has suffered the loss of use of her personal property and will continue to suffer humiliation, shame, despair, anxiety while traveling, embarrassment, depression, mental pain, anguish, and injury to his reputation, all to Williams's damages in an amount to be proven at time of trial.

## COUNT X
### Kentucky Negligent Common Law Claim for Trespass to Property/Wrongful Taking/Conversion
(By Williams Against defendants Officer Bean, Boling, Chief Newby Bean, and HPD)

95. By this reference, Plaintiffs incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

96. On or about October 21, 2021, Plaintiff Williams was the legal owner of the Black Glock 40.

97. On or about October 21, 2021, Officer Beans, Boling, and unknown HPD officers, took possession of the Black Glock 40 pursuant to false information and in support of unlawfully charging Baker.

98. On the same said date or about, the said defendants, acted alone, or in complicity with others, and unlawfully took from the said Plaintiff's, Williams', possession, and carried away, the above described personal property of Williams.

99. On or about October 21, 2021, Officer Beans, Boling, and the unknown HPD officers, had a duty of care owed to Williams as the owner of the Black Glock 40.

100. Williams has demanded from the said defendant and the defendants Chief Newby and the HPD the return of her property, but was denied.

101. The defendants Officer Beans, Boling, and the unknown HPD officers breached that said duty.

102. By reason of the unlawful taking and detention of the said property, Plaintiff Williams has sustained the following damages:

(a) $500.00 in cash, which is the fair market value of the property; and

(b) $1,500.00 dollars, expended by Williams in effort to regain possession of the said property.

103. As a direct and proximate result of said acts, indifference, custom, and policy established by Defendants HPD and Chief Newby, and the unlawful acts of Officer Beans, Boling, and the unknown HPD officers, Williams has suffered the loss of use of her personal property and will continue to suffer humiliation, shame, despair, anxiety while traveling, embarrassment, depression, mental pain, anguish, and injury to his reputation, all to Williams's damages in an amount to be proven at time of trial.

**WHEREFORE**, plaintiffs, Baker and Williams, pray and demand for Judgment against the aforementioned Defendants as follows:

1. Judgment against all named Defendants, jointly and severally, for their damages, together with interest and costs;

2. a trial by jury on all issues so triable;

3. for punitive damages in an amount sufficient to deter Defendants from continuing their course of conduct;

4. for the reasonable costs of attorney fees and court costs incurred by Plaintiffs in bringing this action;

5. leave to amend their Complaint; and

6. all other relief to which Plaintiffs may appear entitled.


Dated: August 8, 2024.


Respectfully Submitted By:


/s/ *Shaun A. Wimberly, Sr.*
SHAUN A. WIMBERLY, SR.
Wimberly & Associates, PLLC.
325 West Main Street
Suite 1816 Waterfront Plaza
Louisville, KY. 40202

Office: (502) 208-1887
Fax: (502) 208-1858
*shaun_wimberly@icloud.com*
***COUNSEL FOR PLAINTIFFS***

D'SHAYVON BAKER, *et. al.*              )
     PLAINTIFFS                          )
v.                                                     )              CIVIL ACTION NO. 5:24-CV-1-BJB
                                )
                                )
                                )
OFFICER SEAN BEAN, *et al.*              )              **Electronically Filed**
     DEFENDANTS.                        )
_____)

**AMENDED COMPLAINT**

# <u>EXHIBIT 1</u>



# Commonwealth's Attorney Office-Christian County

Stephanie Bolen-Commonwealth's Attorney
505 South Main Street-2nd Floor Annex
270-889-6587 [Phone]
sbolen@prosecutors.ky.gov

---

## FOR IMMEDIATE RELEASE

The Grand Jury is an important part of the criminal justice system. When someone is accused of committing a felony offense, an officer or witness must go before the Grand Jury and provide sworn testimony regarding the facts of the case and why the person should be indicted. On November 3, 2023, that process did not take place for 26 cases. Out of those 26 cases, 15 involved crimes against people in our community, and 13 cases involved people who are incarcerated. Charges included:

- Sodomy,
- Unlawful Transaction with a Minor,
- Robbery,
- Strangulation
- Assault involving Domestic Violence
- Wanton Endangerment,
- Burglary,
- Assault 1st Degree, and
- Fleeing or Evading Police.

The Commonwealth's Attorney Office was prepared to present all pending cases to the Grand Jury.

All Oak Grove Police Officers and Troopers from the Kentucky State Police, scheduled to present their cases to the Grand Jury appeared.

One Detective from the Hopkinsville Police Department presented his case to the Grand Jury and no Deputies from the Christian County Sheriff's office appeared at their scheduled time.

**The Commonwealth Attorney's office has never had to issue subpoenas to officers for Grand Jury.**

Consistency, accountability, following the law and transparency are paramount if we want to build trust in the criminal justice system with our community. The leadership at the Hopkinsville Police Department and the Christian County Sheriff's Office chose not to attend Grand Jury. And they chose, not to follow the established process used to notify officers for Grand Jury, nor did they properly follow the legal process used to determine validity of a subpoena.

The proper process to follow when you challenge the validity of a subpoena would be to contact your attorney, not call a Judge. That attorney would file a Motion to Quash the subpoena, go before the Court, have a hearing, allow both sides the opportunity to be heard and then the court would make a ruling regarding the validity or invalidity of that subpoena. Neither the Hopkinsville Police Department nor the Christian County Sheriff's Office followed the proper legal process in this case.

How can you arrest someone for breaking the law, or for not following the established rules and procedures of the Court when the leadership at the Hopkinsville Police Department and the Christian County Sheriff's Office did not do so themselves.

If the average citizen decided not to comply with a subpoena, that person would be found in contempt of court and a warrant would be issued for their arrest. Accountability should be the same for everyone.


Officers are thwarting Justice by avoiding subpoenas to appear at the very Grand Jury proceeding that they initiated after incarcerating people and accusing them of crimes. When dealing with people's lives, and their freedom, we owe it to our community to do our jobs.

The actions that took place on Friday, is another example of why I requested the Department of Justice investigate the entire criminal justice system in Christian County.

The integrity of my office has been continuously called into question despite the fact that we attended two City Council meetings to express the concerns that I have regarding the unethical and unconstitutional actions taken place in our criminal justice system, provided specific events and cases illustrating that behavior and having requested that the Department of Justice investigate our entire criminal justice system. The joint press release from the Hopkinsville Police Department and Christian County Sheriff's Office is an attempt to gaslight our community and is being used to divide and distract everyone from the facts.

Here are the facts as to Grand Jury:

- The Commonwealth Attorney's office has never had to subpoena officers to appear before the Grand Jury.
- Prior to last week, the standard operating procedure used to notify officers of their Grand Jury appearance was done via email. Specifically, the agency's point of contact was emailed and provided with the officer's name, the name of the defendant and the officers assigned time to present their case before the Grand Jury.
- The first time subpoenas were ever mentioned occurred via a email sent by Chief Newby on Thursday, November 2, 2023, at 11:15 am. This email was sent less than 24 hours before the Grand Jury convened.
- The email stated, "Officers with HPD will not be attending grand jury unless they are served with subpoenas." Chief Newby did not direct that email to me, he directed it to a member of my staff.
- The Christian County Sherriff's office never requested subpoenas and just simply chose not to come to Grand Jury after being notified.
- On November 3, 2023, at 11:47 am (roughly 3 hours after the Grand Jury convened and after officers were scheduled to present

their case to the grand jury), Deputy Chief Pacheco indicated that no one was going to appear for grand jury because the subpoenas.

- The Commonwealth Attorney's office followed the established rule of notifying officers regarding Grand Jury. Officers from the Oak Grove Police Department and Troopers from the Kentucky State Police appeared to present their case before the Grand Jury at their scheduled time and were notified the same way HPD and CCSO were.
- One detective from the Hopkinsville Police Department appeared before the Grand Jury and presented his case.

If the subpoenas were deemed invalid, why did an officer from the Hopkinsville Police Department appear before the Grand Jury and present his case?

The same accountability that would be given to a person who did not show up when subpoenaed should be given to officers. Regardless of the reason, officers should have appeared before the Grand Jury just like they have done in the past.

## Clarification and Transparency of TikTok Videos Regarding Officers

It has been brought to my attention that 2 TikTok videos are circulating. One is regarding an arrest that took place at the Oak Grove Casino and the second video involves an arrest that took place on the Eastside. Transparency is a key component in building trust in the criminal justice system, which is why my office is releasing video footage of both events.

**Regarding the Oak Grove Casino**-On September 24, 2023, Oak Grove police officers were dispatched to a disturbance taking place at the casino. Upon arrival, the defendant was asked to leave. Although this encounter took place for over 30 minutes, the TikTok video of the incident only captured a small part of the actions taking place that day. The video capturing the entire encounter is attached.

**Regarding the arrest that took place on the Eastside-** On May 17, 2023, officers were conducting a search of a residence. This led to an encounter with the accused. It has been brought to my attention that segments of this incident is on social media and has been presented to some members of City Council.  The attached captures the unedited entire encounter.